# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MILOUS BROWN,

                Plaintiff,       :       Case No. 2:22-cv-2469

                                    District Judge Michael H. Watson
- vs -                            Magistrate Judge Michael R. Merz

ANNETTE CHAMBERS-SMITH, et al.,

                Defendants.   :

## REPORT AND RECOMMENDATIONS; ORDER

      Plaintiff Milous Brown is a prisoner within the meaning of the Prisoner Litigation Reform Act of 1996 (the "PLRA") in that he is incarcerated at the Belmont Correctional Institution (Complaint, ECF No. 7, PageID 77). Each of the Defendants is an officer or employee of a governmental entity, the Ohio Department of Rehabilitation and Corrections ("ODRC"). Accordingly the Court is bound by 28 U.S.C. § 1915A to screen the Complaint to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

      Fed. R. Civ. P. 12(b)(6) requires dismissal of any complaint which fails to state a claim upon which relief can be granted. The test for dismissal under that Rule has been re-stated by the Supreme Court as follows:

1

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v.* City of Cleveland, Ohio, 502 F.3d 545 (6th Cir. 2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Doe v. Miami University,* 882 F.3d 579 (6th Cir. 2018), quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), in turn quoting *Twombly*, 550 U.S. at 570.

2

*Twombly* and *Iqbal* apply to review of complaints for failure to state a claim under §§ 1915A(b)(1) and 1915(e)(2)(B)(II). *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010).

The PLRA exhaustion of administrative remedies requirement 42 U.S.C. § 1915e, applies only prospectively. *Wright v. Morris,* 111 F.3d 414 (6th Cir. 1997). However, in those cases to which it applies, a prisoner plaintiff must both allege and show that he has exhausted all available state administrative remedies. Plaintiff recites in the Complaint the steps he has taken in the administrative process to obtain a remedy. For purposes of this initial screening and without prejudice to Defendants' raising a failure to exhaust defense, the Magistrate Judge finds Plaintiff has satisfied the exhaustion requirement at the pleading level.

Plaintiff seeks relief under 42 U.S.C. § 1983 for deprivation of his First Amendment rights of access to the courts, privacy, free speech, and due process of law (Complaint, ECF No. 7, PageID 81) based on their adoption or execution of policies governing what he describes as "legal mail" directed to him as a prisoner.

42 U.S.C. § 1983, R.S. § 1979, was adopted as part of the Act of April 20, 1871, and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress , except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a federal constitutional right by someone acting under color of state law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999); *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986); *Carey v. Piphus,* 435 U.S. 247 (1978); *Monroe v. Pape*, 365 U.S. 167 (1961). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158 (1992). In order to be granted relief, a plaintiff must establish that the defendant deprived him of a right secured by the U.S. Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

Every Defendant is sued in his or her individual and official capacity. However, the official capacity portion of the claims is made, as a matter of law, against the employing state agency, ODRC. The Eleventh Amendment to the United States Constitution which provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 Dall. 419 (1793). It has been construed to bar suits against a State by its own citizens. *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982). The Amendment also bars actions against state agencies where the State is the real party in interest and the action seeks to recover money from the state treasury. *Estate of Ritter v. University of Michigan,* 851 F.2d 846,

4

848 (6th Cir. 1988); *Ford Motor Company v. Dep't. of Treasury of State of Indiana*, 323 U.S. 459 (1945); *Quern v. Jordan*, 440 U.S. 332 (1979).

Application of the Eleventh Amendment in a suit against a public agency turns on whether the agency can be characterized as an arm or alter ego of the State, or whether it should be treated instead as a political subdivision of the State. *Hall v. Medical College of Ohio at Toledo,* 742 F.2d 299, 302 (6th Cir. 1984) *citing Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280 (1977).  This bar against suit also extends to state officials acting in their official capacities. *Kentucky v. Graham,* 473 U.S. 159, 167 (1985).  Congress has not abrogated state sovereign immunity in suits under 42 U.S.C. 1983. *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir. 1990), *citing Quern v. Jordan,* 440 U.S. 332 at 341.

The Eleventh Amendment does not bar an action for injunctive relief against a state officer for violations of the United States Constitution. *Ex parte Young*, 209 U.S. 123 (1908);  *Cory v. White*, 457 U.S. 85 (1982); *Thomson v. Harmony*, 65 F.3d 1314, 1320 (6th Cir. 1995).  However, the Amendment does bar an action to enjoin state officials from violating state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2005)(*en banc*); *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453 (6th Cir. 1998); *In re:  Ohio Execution Protocol Litig. (Gary Otte),* 2017 U.S. App. LEXIS 17436 (6th Cir. Sept. 7, 2017), affirming *In re:  Ohio Execution Protocol Litig. (Tibbetts & Otte),* 2017 U.S. Dist. LEXIS 115583 (S.D. Ohio July 25, 2017)(Merz, M.J.).

In the Complaint Plaintiff alleges each of the Defendants has in some way violated his constitutional rights in the way(s) he or she has dealt with Plaintiff's "legal mail."  But he also alleges various ways in which they have violated his rights under state law, either statutory or

5

administrative.  As noted, the Eleventh Amendment bars this Court from enjoining state actors from violating state law.

Based on this Eleventh Amendment analysis, it is respectfully recommended that those portions of the Complaint which seek monetary damages, either compensatory or punitive, against any Defendant in his or her official capacity or seek to have this Court enjoin any Defendant from violating Ohio law be dismissed without prejudice on the basis of Eleventh Amendment immunity.

The Complaint and the ODRC policies about "legal mail" evidence some confusion about the interests protected.  One constitutional interest clearly involved is the right to privileged communication between an attorney and his client, protected by the Sixth Amendment.  But Plaintiff is advocating for a much broader right in the he seems to be claiming a right to privileged communication between himself and the courts.  Clearly there is no general right for a prisoner to receive from the courts private or secret communications of court decisions even in their own cases.

Courts recognize a "strong presumption in favor of openness" regarding court records. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). A district court's discretion to seal its records is limited by the "presumptive right of the public" to access judicial documents, and only the most compelling reasons justify non-disclosure of such records. *Rudd Equip. Co.*, 834 F.3d at 593. Even when a party shows a compelling need to seal a document, the order sealing the document must be narrowly tailored to serve that justification. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

As a written opinion of a federal judicial officer, this document will become a part of a national database available to the public for free under the EGovernment Act, as well as part of

6

the LEXIS and Westlaw subscription databases. Thus any ODRC employee, including any of the Defendants, will be able to learn precisely what the Court has written on this case.

It is almost certainly not unconstitutional for any of the Defendants to see what Congress has obliged the federal courts to make public available. However, not everything the Plaintiff regards as legal mail comes within that category and this litigation offers an opportunity to clarify ODRC legal mail policy.

In order to resolve the constitutional issues regarding ODRC's "legal mail" policy, it is not necessary to burden the United States Marshal with service of process on all the Defendants or each Defendant with obtaining counsel or otherwise defending this suit on the monetary damages claims. Once the Court has rendered a decision on the constitutional scope of prisoner mail policy in Ohio, Plaintiff will be permitted to amend the Compliant to narrow its scope to monetary damages for any identified violations of the Constitution.

Accordingly, it is hereby ORDERED that the Clerk issue process and a copy of the Complaint directed to Defendant Annette Chambers Smith and deliver it to the United States Marshal to make service and due return. The Clerk need not provide the Marshal with service copies of other filings in the case which will be available online to the assistant Attorney General assigned to the case. Service of process on the other Defendants will be postponed pending determination of the constitutional scope of prisoner legal mail rights.

It is hereby RECOMMENDED that the Complaint herein be dismissed insofar as it seeks monetary damages against any Defendant in his or her official capacity or injunctive relief to enforce any provision of Ohio law against any Defendant.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

July 13, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
