# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MILOUS BROWN,

                Plaintiff,      :      Case No. 2:22-cv-2469

                                      District Judge Michael H. Watson
- vs -                              Magistrate Judge Michael R. Merz

ANNETTE CHAMBERS-SMITH, et al.,

                Defendants.      :

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR STAY

      This case is pending on Plaintiff's Motion to Stay which was filed August 23, 2022(ECF No. 19). On September 8, 2022, Defendants filed a Memorandum in Opposition (ECF No. 22). On August 31, 2022, the Court granted Plaintiff's Motion for Appointment of Counsel (ECF No. 3) and appointed Attorney Larry Greger to represent Plaintiff in this case (ECF No. 21). Defendants oppose the Motion (ECF No. 22). Mr. Greger has now filed a Reply Memorandum (ECF No. 27) rendering the Motion for Stay ripe for decision.

      Plaintiff Milous Brown is a prisoner within the meaning of the Prisoner Litigation Reform Act of 1996 and brought this case *pro se* on June 13, 2022 (ECF No. 7). On June 29, 2022, the undersigned authorized Plaintiff to proceed *in forma pauperis* and assessed an initial partial filing fee (ECF No. 6). On July 13, 2022, the undersigned completed the review of Plaintiff's Complaint required by 28 U.S.C. § 1915A and recommended dismissal of some of the claims and some of

1

the Defendants ("Report," ECF No. 9). The docket entry for this filing indicates a deputy clerk sent it to Plaintiff by ordinary first class mail and the docket does not show that it has been returned undelivered. The Report contains this Court's standard Notice to Pro Se litigants about the time during which objections to the Report may be made and the consequences of not objecting.

When no objections had been received from Plaintiff within the time allowed by law, Judge Rose adopted the Report ("Order," ECF No. 13). Just as was done with the Report, this filing was served on Plaintiff by ordinary mail and the docket contains no indication it was returned as undelivered.

Plaintiff acknowledges receipt of the Order in his Motion for Stay, but, as of the date of the Motion to Stay, still had not received the Report. ("Motion," ECF No. 19, PageID 222). He claimed his failure to receive the Report resulted from malfeasance of prison officials. Troubled by these accusations, the Magistrate Judge set a response date of September 8, 2022, and provided:

> In addition to whatever else Defendant may wish to file in opposition, Defendant shall include a full description of its procedures for delivering mail from this or any other court to Plaintiff and attach as exhibits any documentation prescribing this procedure. With the memorandum in opposition, Defendant is ORDERED to file an affidavit or declaration under penalty of perjury by the ODRC employee who delivered the Report to Plaintiff describing the time, place, and circumstances of that delivery. If ODRC is unable to provide such an affidavit or declaration, it shall file a certificate of its trial attorney to that effect and of the efforts made to determine that information.

(Order Requiring Response, ECF No. 20, PageID 227).

On September 8, 2022, Defendants filed a Response which does not comply with the Magistrate Judge's Order. There is no declaration from any ODRC employee about delivery of the Report to Plaintiff nor statement that it is impossible to do so, nor is there any trial attorney certificate about efforts made to determine that information. Nor did Defendants request

2

clarification or modification of the order. The Response raises serious questions about the legality of the ODRC "legal" mail policy, such as how ODRC became authorized to interfere with a federal court's ability to communicate with a litigant by insisting, *inter alia*, that a "control number" be applied to the envelope. This Court sends literally hundreds of notices, orders, and reports and recommendations each year to prisoners who are litigants in this Court and has never authorized this "control number" system. In fact, so far as the undersigned knows, we have never been formally notified of its existence or advised how to obtain "control numbers." This litigation will hopefully present an opportunity to resolve these questions.

The immediate question before the Court is whether Plaintiff is to have an opportunity to make objections to the Report (ECF No. 9). Regardless of the reason why, it appears Plaintiff has never received the Report. However, Plaintiff now has appointed counsel who has full access to the Report through the CM/ECF system. The Report will therefore be deemed served on Plaintiff through his attorney as of October 11, 2022. Plaintiff will have fourteen days or until October 25, 2022, to file and serve objections which shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

The Motion for Stay is DENIED. Judge Rose's Order adopting the Report is not a final appealable order and no stay is required to protect Plaintiff's interests. That Order remains interlocutory and may be reconsidered at any time before final judgment, subject to the limited imposed by law of the case doctrine.

October 11, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge