# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MILOUS BROWN,

                Plaintiff,    :    Case No. 2:22-cv-2469

                              District Judge Michael H. Watson

- vs -                    Magistrate Judge Michael R. Merz

ANNETTE CHAMBERS-SMITH, et al.,

                Defendants.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case under 42 U.S.C. § 1983 is pending on Plaintiff's Objections to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 9) which recommended on initial screening under 28 U.S.C. § 1915A Complaint herein be dismissed without prejudice insofar as it seeks monetary damages against any Defendant in his or her official capacity or injunctive relief to enforce any provision of Ohio law against any Defendant. *Id.* at PageID 205. Plaintiff objected to that conclusion (Objections, ECF No. ECF No. 31). Defendants have timely responded to those Objections (ECF No. 34) and District Judge Watson has recommitted the case for reconsideration in light of the Objections (ECF No. 33).

Plaintiff objects that the Report conflates 28 U.S.C. § 1915A(b)(1) and (b)(2)(Objections, ECF No. 31). Defendants respond that dismissal is appropriate under either of those statutes ("Response," ECF No. 34, PageID 299).

28 U.S.C. § 1915A provides:

1

> (a) **Screening**.— The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity
>
> (b) **Grounds for Dismissal**.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.
>
> (c) **Definition.**— As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

Plaintiff does not dispute that this case comes within the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and thus is subject to the screening required by § 1915A. The statute provides, at least inferentially, that screening is to take place *sua sponte* since it is to occur if feasible before the case is docketed. That is indeed what happened here: the case was referred to the undersigned on June 29, 2022, as soon as District Judges Marbley and Watson had decided that it was related to Plaintiff's prior case, Case No. 2:19-cv-2425 (ECF No. 5). The undersigned immediately granted Plaintiff leave to proceed *in forma pauperis* (ECF No. 6). To execute Congressional intent that 1915A screening take place before issuance of process is possible, the construction of the Report became the Magistrate Judge's next task in this case and the Report was filed July 13, 2022.

Plaintiff did not object to the Report within the time allowed by Fed.R.Civ.P. 72 and Judge Watson adopted it August 3, 2022 (ECF No. 13).  Eventually the dispute over whether Plaintiff had been properly "served" with the Report was resolved by requiring that Plaintiff's newly-appointed counsel be furnished with a copy and a new deadline for objecting was set (ECF No. 28).

Plaintiff objects to the "conflation" of analysis of claims under 1915A(b)(1) and (b)(2).  As Plaintiff concedes, the statute is disjunctive, meaning that claims are to be dismissed if they either fail to state a claim or seek monetary damages from a party which is immune.  But in addition to those bases for dismissal, every federal court is bound to raise, *sua sponte* if necessary, limits on its own jurisdiction.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).

As stated in the Report, the Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It has been construed to bar suits against a State by its own citizens.  *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982).  The Amendment also bars actions against state agencies where the State is the real party in interest and the action seeks to recover money from the state treasury.  *Estate of Ritter v. University of Michigan,* 851 F.2d 846, 848 (6th Cir. 1988); *Ford Motor Company v. Dep't. of Treasury of State of Indiana*, 323 U.S. 459 (1945); *Quern v. Jordan*, 440 U.S. 332 (1979).

Is the Eleventh Amendment a jurisdictional bar or does it merely create an immunity?  The Sixth Circuit has held it is a jurisdictional bar which federal courts must raise *sua sponte*.  *Fairport*

3

*Int'l Exploration, Inc., v. Shipwrecked Vessel Known as the Captain Lawrence,* 105 F.3d 1078, 1082 (6th Cir. 1997); *Wilson-Jones v. Caviness*, 99 F.3d 203 (6th Cir. 1996). In *Cady v. Arenac County,* 574 F.3d 334 (6th Cir. 2009), the court opined that

> The Sixth Circuit has largely followed the "jurisdictional bar" approach in *Edelman* by holding that a federal court "can raise the question of sovereign immunity *sua sponte* because it implicates important questions of federal-court jurisdiction and federal-state comity." *S&M Brands, Inc. v. Cooper,* 527 F.3d 500, 507 (6th Cir. 2008) (citation omitted); see also *Nair v. Oakland County Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006) ("Like subject-matter jurisdiction, a sovereign-immunity defense may be asserted for the first time on appeal, and it may (and should) be raised by federal courts on their own initiative." (citations omitted)); *Mixon v. Ohio,* 193 F.3d 389, 397 (6th Cir. 1999) (stating that a federal court "may *sua sponte* raise the issue of lack of jurisdiction because of the applicability of the eleventh amendment" (citation and internal quotation marks omitted)).

*Id.* at 344-45. Whether the Eleventh Amendment is a jurisdictional bar or creates an absolute immunity for state officials in their official capacities, the issue is properly raised *sua sponte*. Nothing in federal law creates a barrier to combining jurisdictional and immunity analysis in the same Report. Plaintiff has cited no authority for the proposition that conflating analysis of those questions in a 1915A recommendation makes the analysis invalid.

Aside from the "conflating" argument, Plaintiff has made no substantive objections to the Report. In particular, he does not dispute that a suit for money damages against a state employee is his official capacity is legally to be construed as a suit against the State and therefore barred by the Eleventh Amendment. See *Simmons v. Conger*, 86 F.3d 1080 (11th Cir. 1996). Nor does he dispute that the Ohio Department of Rehabilitation and Corrections is an Ohio state agency for Eleventh Amendment purposes. See *Pucci v. Nineteenth Dist. Court,* 628 F.3d 752 (6th Cir. 2010),

quoting *Ernst v. Rising,* 427 F.3d 351, 359 (6th Cir. 2005)(en banc), *citing Hess v. Port Auth. Trans-Hudson Corp.,* 513 U.S. 30, 44, 45, 51(1994).

Likewise Plaintiff does not dispute that this Court is barred from enforcing state law by injunction in a § 1983 case. See *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2005)(*en banc*); *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453 (6th Cir. 1998); *In re: Ohio Execution Protocol Litig. (Gary Otte),* 2017 U.S. App. LEXIS 17436 (6th Cir. Sept. 7, 2017), affirming *In re: Ohio Execution Protocol Litig. (Tibbetts & Otte),* 2017 U.S. Dist. LEXIS 115583 (S.D. Ohio July 25, 2017)(Merz, M.J.). Sovereign immunity bars a plaintiff from using state law to enjoin state officials from carrying out their official responsibilities even when the officials are sued in their individual capacities. *In re: Ohio Execution Protocol Litig. (Gary Otte),* 2017 U.S. App. LEXIS 17436 (6th Cir. Sept. 7, 2017), citing *Williams v. Kentucky*, 24 F.3d 1526, 1531, 1543 (6th Cir. 19934).

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge respectfully recommends that the Complaint be dismissed without prejudice (1) insofar as it seeks monetary damages against any Defendant in his or her official capacity because the Court is without subject matter jurisdiction to entertain such a suit under the Eleventh Amendment and (2) insofar as it seeks injunctive relief to enforce any provision of Ohio law against any Defendant for the same reason. Procedurally, these recommendations are grounded in Fed.R.Civ.P. 12(b)(6) because suit to obtain monetary relief against a state official or employee in his or her official capacity or

5

injunctive relief to enforce state law does not state a claim upon which relief can be granted under 42 U.S.C. § 1983.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

November 16, 2022.

s/ *Michael R. Merz*<br>
United States Magistrate Judge