UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Milous Brown,

    Plaintiff,

v.

Annette Chambers-Smith, *et al.*,

    Defendants.

Case No. 2:22-cv-2469

Judge Michael H. Watson

Magistrate Judge Merz

## OPINION AND ORDER

Defendant Annette Chambers-Smith ("Chambers-Smith") and Interested Party State of Ohio ("the State of Ohio") move to dismiss Plaintiff's Amended Complaint. Mot. Dismiss, ECF No. 38. Magistrate Judge Merz issued a Report and Recommendation ("R&R") that recommends granting Plaintiff leave to file a Second Amended Complaint and denying the motion to dismiss as moot. R&R, ECF No. 48.

Chambers-Smith and the State of Ohio have filed timely objections to the R&R. Obj., ECF No. 49. Plaintiff did not file objections, but he seeks an extension of time to respond in opposition to Chambers-Smith's and the State of Ohio's objections. Mot., ECF No. 50. Moreover, Plaintiff's counsel moves to withdraw. *Id.*

## I. BACKGROUND

Plaintiff's Amended Complaint alleges the following. Plaintiff is a prisoner incarcerated at Belmont Correctional Institution ("BeCl") in Belmont County, Ohio. Am. Compl. ¶ 5, ECF No. 36. Chambers-Smith is the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"). *Id.* ¶ 6. Denise Henry ("Lt. Henry") is the Mailroom Supervisor for BeCl. *Id.* ¶ 12. Chambers-Smith sets the policies and procedures that govern the handling of inmate mail for ODRC, and Lt. Henry enforces those policies and oversees the mail at BeCl. *Id.* ¶¶ 10, 12.

Chambers-Smith implemented policy 75-MAL-01, which became effective September 3, 2019, and affected "Inmate Mail." *Id.* ¶ 18. Specifically, Plaintiff alleges that policy contained the following:

- A definition of "legal mail";
- Permission for inmates to send sealed letters to, or receive sealed letters from, a certain category of people/organizations (including courts and counsel) as long as the sealed envelope was "clearly addressed" to one of the people/organizations in the category and was marked "legal mail";
- A provision that legal mail between the inmate and the approved category of people/organizations did not need a control number;

- A requirement that "legal mail" be delivered to inmate recipients within forty-eight hours, excluding weekends, holidays, or emergencies.

*Id.* ¶¶ 18–23. Further, Chambers-Smith implemented Policy 59-LEG-01, which took effect December 2, 2019, and which was intended to "ensure inmates have adequate access to courts, attorneys, and legal research material." *Id.* ¶ 26. It contained the same definition of "legal mail" as 75-MAL-01, recognized all state courts and United States District Courts as "courts of law," and stated that "inmates shall have access to courts so that they may challenge their convictions, sentences, or the conditions of their confinement." *Id.* ¶¶ 27–28.

Despite these active policies, ODRC emailed inmates on October 4, 2021, notifying inmates there would be a change in the way ODRC processed legal mail. *Id.* ¶ 29. Notably, the email stated that "Intended Legal Mail" *was* required to have a control number, and the email asked inmates to so inform their attorneys "or other Legal Mail senders," which would include a court of law. *Id.* ¶¶ 31–34. Unbeknownst to the inmates, ODRC had already been enforcing these changes months prior to the October 2021 email. *Id.* ¶ 39.

Although the email stated that ODRC had informed the "legal community" of these changes, at least one Magistrate Judge for the United States District Court for the Southern District of Ohio was unaware of the requirement that court-sent mail needed a control number to be treated as legal mail. *Id.* ¶ 40. Further, the control numbers expire after twenty-one days. *Id.* ¶¶ 50–54.

Moreover, on February 1, 2022, 75-MAL-03 became effective, and it changed the deadline for *delivering* legal mail within forty-eight hours to *processing* within seventy-two hours legal mail that contained a control number, ostensibly to provide more time to screen out contraband. *Id.* ¶¶ 44–46. 75-MAL-003 contains no deadline for delivering legal mail, even legal mail with control numbers, to inmates. *Id.* ¶ 48. It similarly apparently contains no deadline for processing mail, even mail marked "Legal Mail", that does not contain a control number.

As a result of these policies and practices, Plaintiff failed to receive important legal mail from the United States District Court for the Southern District of Ohio and missed an opportunity to submit objections to a previous R&R. *Id.* ¶¶ 56–63. Moreover, because the envelope with the R&R did not contain a control number, it was treated by BeCI as ordinary mail, which can be "opened and may be read or copied in the institution mail office, not in the presence of the inmate." *Id.* ¶¶ 66–67. In general, legal mail that does not contain a control number may be either treated as non-legal mail or rejected, depending on the whim of the mailroom clerk/screener on duty. *Id.* ¶ 80.

Plaintiff alleges these various definitions, policies, and practices: impinge upon his First Amendment rights to free speech and to access the courts; amount to First Amendment retaliation; violate Article I § 8 of the United States Constitution; and violate Plaintiff's attorney-client privilege. *See generally*, Am. Compl., ECF No. 36. He attaches multiple exhibits to his Amended Complaint,

including copies of 75-MAL-01, 75-MAL-03; 59-LEG-01; and the October 4, 2021 email. *Id.* Exs. 2, 3, 4, 7.

## II. STANDARD OF REVIEW

The district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

Chambers-Smith's and the State of Ohio's primary argument for dismissal is that Plaintiff's Amended Complaint lacks sufficient detail to state a claim for relief and should thus be dismissed under Federal Rule of Civil Procedure 12(b)(6). *See generally*, Mot. Dismiss, ECF No. 38; Reply, ECF No. 47.

The R&R recommends concluding that Plaintiff's Amended Complaint contains only conclusory allegations against Defendants. R&R 8, ECF No. 48. Nonetheless, the R&R also concludes that the basic allegations in the Amended Complaint state a colorable claim that Plaintiff has been denied his First Amendment right to access the courts. *Id.* Accordingly, the R&R recommends the Court grant Plaintiff leave to submit a proposed Second Amended Complaint and deny the motion to dismiss as moot. *Id.* at 9.

Chambers-Smith's and the State of Ohio's objection agrees with the Magistrate Judge's recommendation that Plaintiff's Amended Complaint fails to

state a claim. Obj. 2–3, ECF No. 49. However, the objection argues that Plaintiff's Amended Complaint should be dismissed *with* prejudice. *Id.* at 3–4. The objection argues both that the Amended Complaint fails to allege any harm (because the Court ultimately ameliorated Plaintiff's failure to receive the prior R&R by extending the deadline for Plaintiff to respond to the same) and that Plaintiff should not be given yet another chance to state a claim. *Id.* at 3.

Their "no harm no foul" argument is unpersuasive. Both the Amended Complaint and the exhibits thereto, specifically Exhibit 12, suggest that Plaintiff has suffered—and will continue to suffer—harm from the handling of legal mail. While the allegations may not have been pleaded with sufficient particularity to state a claim under Federal Rule of Civil Procedure 8(a), they are troubling. The Court always prefers to reach the merits of colorable claims, and this case is no exception. Chambers-Smith's and the State of Ohio's objections are **OVERRULED**, and the R&R is **ADOPTED**.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES AS MOOT** the motion to dismiss, ECF No. 38, because the Court will grant Plaintiff an opportunity to file a proposed Second Amended Complaint. Magistrate Judge Merz shall set a schedule for that filing and for responses to the same.

As a final matter, Plaintiff's attorney, who is appearing *pro bono*, has moved to withdraw and for an extension of time to respond to the objections. Mot., ECF No. 50. The request for an extension of time is **DENIED AS MOOT**

given the Court has overruled the objections. Counsel's motion to withdraw is **GRANTED**.

The Clerk shall terminate ECF Nos. 38, 48, 49, & 50.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**