# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MILOUS BROWN,

                Plaintiff,          :      Case No. 2:22-cv-2469

                                                      District Judge Michael H. Watson
    -  vs  -                                   Magistrate Judge Michael R. Merz

ANNETTE CHAMBERS-SMITH, et al.,

                Defendants.        :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

        This case under 42 U.S.C. § 1983 is before the Court on Plaintiff's Objections (ECF No. 66) to the Magistrate Judge's Report and Recommendations recommending the Amended Complaint be dismissed with prejudice on Defendants' Motion to that effect (the "Report," ECF No. 65). District Judge Watson has recommitted the case to the undersigned for consideration of the Objections (ECF No. 67).

        The Report noted that Plaintiff had never filed an opposition to the Defendants' Motion to Dismiss despite having requested and received an extension of time to do so (Report, ECF No. 65, PageID 677). The Report also noted that the undersigned had denied Plaintiff's motion for leave to file a second amended complaint and that Plaintiff had never objected to that Order. *Id.* The Report incorporated that Order by reference and recommended dismissal. *Id.* at PageID 678.

Plaintiff now objects that he did oppose the Motion to Dismiss, but his opposition did not reach the Court because of "one of the following: lost in the mail, arbitrarily delayed by prison mailroom staff, or simply destroyed by unknown parties before it left the prison."  (Objections, ECF No. 66, PageID 679).

Plaintiff also claims he sent his opposition with a Motion to Expand the Record. *Id.* The Magistrate Judge denied the Motion to Expand the Record for the reasons given in the Order to that effect (ECF No. 64).  One of those reasons was that Plaintiff attempted to take advantage of the prison mailbox rule[1] without making a declaration of the date of mailing under penalty of perjury.  Plaintiff objects that "[a]dditionally anything submitted to a court is submitted "under penalty of perjury" even if it was not spelled out as such (Objections, ECF No. 66, PageID 679-80).  Plaintiff cites no legal authority for that proposition and none is known to the undersigned.

Plaintiff also claims he is entitled to that construction of his filing under the principle that *pro se* filings are to be liberally construed. *Id.* Again he cites no authority for that proposition and none is known to the undersigned.  If it were so, there would be little reasons to require, for example, that habeas corpus petitions be sworn to.  See Habeas Rule 2(c)(5) specifically imposing a requirement to that effect.  In general, liberal construction of a document implies giving it a reading other than the strict technical reading courts give to documents prepared and filed by attorneys.  A *pro se* litigant is entitled to liberal construction of his or her pleadings.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, "[w]here, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented

---

[1] . *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)(Norris, J.), citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

The substance of Plaintiff's instant Objections seems largely directed at the Magistrate Judge's Decision and Order of August 9, 2023 (ECF No. 58), although Plaintiff makes no record reference citations for the quotations he offers. Upon re-examination of the proposed Second Amended Complaint, the Magistrate Judge adheres to the observations made in denying leave to file that document, to wit, (1) it does not plead particular instances of interference with access to the courts in sufficient detail to satisfy the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); (2) it fails to sue Director Chambers Smith in her official capacity despite being intended to change policy and her amenability to suit in that capacity under *Ex parte Young*, 209 U.S. 123 (1908); (3) it fails to plead a claim for relief under the Postal Service Clause. It attempts to build on the one example the undersigned previously recognized as stating a claim (failure of delivery of an R&R), but denies the damage from that example has been cured by re-service of the R&R, stating Plaintiff has suffered annoyance and has had to pay extra postage.

Plaintiff acknowledges the Court obtained *pro bono* counsel for him, but also acknowledges counsel felt compelled to withdraw when Plaintiff insisted on including "additional issues" which Plaintiff asserts were justified in his mind given his own extensive experience litigating cases. Plaintiff is of course entitled to proceed *pro se*, but he must meet the pleading standards imposed by the Supreme Court on all federal litigants.

ODRC employees sued in the individual capacities are entitled to know what they allegedly did when and how that allegedly interfered with Plaintiff's constitutional rights. The Amended Complaint does not give them that notice and the proposed Second Amended Complaint did not

3

cure that deficiency.  Most of the proposed Second Amended Complaint details claims about policy which, in theory at least is subject to cure by injunctive relief.  But Plaintiff also wants damages and must therefore plead with sufficient detail how, when, and by whom he was damaged. He has not done so.


**Conclusion**


The Magistrate Judge again recommends the case be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Plaintiff be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.


April 26, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge

5