IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

MILOUS BROWN,

          Plaintiff,    :    Case No. 2:22-cv-2469

                          District Judge Michael H. Watson
-  vs  -                    Magistrate Judge Michael R. Merz

ANNETTE CHAMBERS-SMITH, et al.,

          Defendants.    :

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This case under 42 U.S.C. § 1983 is before the Court on Plaintiff's Motion for Reconsideration of the Court's judgment (ECF No. 75), brought pursuant to Fed.R.Civ.P. 60(b)(6). Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp*., 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

> Rule 60(b)(6) is a "catchall" provision that "vests courts with a deep reservoir of equitable power to vacate judgments 'to achieve substantial justice' in the most 'unusual and extreme situations.'" *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018) (quoting *Stokes v. Williams,* 475 F.3d 732, 735 (6th Cir. 2007)). The Sixth Circuit

> has made clear that Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter,* 790 F .3d 693, 696-97 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.,* 738 F.3d 741,750 (6th Cir. 2013)). In other words, Rule 60(b)(6) is to be used rarely-especially in habeas corpus. *See Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005).

*Hand v. Houk,* 2020 U.S. Dist. LEXIS 41511 *3 (S.D. Ohio Mar. 10, 2020)(Watson, J.).

The judgment from which relief is sought was entered June 11, 2024 (ECF No. 72). In ordering its entry, District Judge Watson found Plaintiff had not filed objections to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 71). Plaintiff subsequently filed Objections (ECF No. 73) which Judge Watson struck because they showed on their face that they had been filed, by depositing in the prison mailing system, on June 5, 2024, eight days after the deadline, which had been extended. (ECF No. 74).

Plaintiff offers the following as extraordinary circumstances. He says he received the Supplemental Report on May 3, 2024 (ECF No. 75, PageID 707). Because he deemed the remaining time on the original fourteen-day[1] objection period to be insufficient, he says he requested and received a fourteen-day extension. *Id.* Although that was the extension he requested, he believed it was still insufficient and he asserts he filed a motion for a second extension:

> This second motion for an extension of time was placed into the BeCI [Belmont Correctional Institution] mailbox on May 23, 2024 and requested an additional 14 days be granted to make the due date June llth, 2024. Plaintiff knew he had good cause and there were justifications for an enlargement of time. However, the court did not reply to the Plaintiff s motion to date. Plaintiff assumed it was granted and filed his Objections to the Supplemental Report and

---

[1] Because the Supplemental Report was served on Plaintiff by mail, he was entitled to seventeen days to object. He was advised of this in the Supplemental Report (ECF No. 68, PageID 692).

2

> Recommendations by placing it into the BeCI mailbox on June 5th, 2024.

*Id.* at PageID 707.

Contrary to Plaintiff's assumptions, the Court has never received his purported second motion for extension of time. He offers no corroboration for his assertion that he mailed it on May 23, 2024, nor is his assertion to that effect made under penalty of perjury.

Nor is a litigant entitled to assume that the Court has granted his motion for extension. Although Plaintiff indicates he does not have access to the Internet to check the docket, the Clerk's Office regularly responds to telephone calls from prisoners inquiring about the status of cases. Plaintiff does not claim he called the Clerk to inquire about his second motion for extension.

Plaintiff spends much of his Motion complaining about ODRC mail handling. Even if all of his factual assertions of that sort are true, they do not justify his assuming a requested extension was granted. As to delivery of his Objections when he eventually sent them, he claims domestic mail in the "lower forty-eight" States is delivered in three days' time. He cites no source and that does not match the undersigned's experience.

Plaintiff has not justified reopening the judgment in this case. His Motion under Fed.R.Civ.P. 60(b)(6) should be denied.

July 2, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such

3

objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #