## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

MILOUS BROWN,

      Plaintiff,                 Case No. 2:22-cv-2469

      v.                     District Judge Michael H. Watson

ANNETTE CHAMBERS-SMITH, *et al.*,     Magistrate Judge Michael R. Merz

      Defendants.

## OPINION AND ORDER

Plaintiff in this § 1983[1] case objects, ECF No. 79, to the Magistrate Judge's Report and Recommendations ("R&R"), ECF No. 76, recommending that the Court deny Plaintiff's motion to reconsider the Court's Judgment, ECF No. 75.

As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has reviewed de novo the portions of the R&R that Plaintiff properly objected to. Having done so, the Court finds the objections are without merit, and they are **OVERRULED** for the reasons set forth below.

## I.    PROCEDURAL HISTORY

A comprehensive review of the procedural history of this litigation is helpful because it highlights the multiple opportunities this Court provided Plaintiff to state a claim in connection with his dissatisfaction with the prison mail system

---

[1] 42 U.S.C. § 1983.

and further demonstrates that most of Plaintiff's recent filings deal with tangential issues (like whether his prior filings were properly stricken from the record, submitted under penalty of perjury, or otherwise considered by the Court) and not with the ultimate issue of whether the Amended Complaint should survive Defendants' motion to dismiss.

Plaintiff filed his Complaint in 2022, complaining about changes made to the State of Ohio's prison mail system. Compl., ECF No. 1. On initial screen pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommended dismissing all official-capacity claims for damages and official-capacity claims for injunctive relief for violations of state law, as barred by the Eleventh Amendment. R&R at 6, ECF No. 9. The R&R also noted that, although the prison mail policy theoretically implicates Plaintiff's Sixth Amendment right to attorney-client privilege, Plaintiff generally complained about its effect on mail sent to and from courts. To that end, it explained Plaintiff has no corresponding presumptive right to privacy in his communications with the Court. *Id.* at 6. In fact, there is a "strong presumption in favor of openness regarding court records," such that "there is no general right for a prisoner to receive from the courts private or secret communications of court decisions even in their own cases." *Id.* (internal quotation marks and citation omitted). Thus, the R&R recognized a need to "render[] a decision on the constitutional scope of prisoner mail policy in Ohio," at which point, it envisioned permitting Plaintiff to amend his Complaint "to narrow its scope to *monetary damages for any identified violations of the Constitution.*"

*Id.* at 7 (emphasis added). Accordingly, it permitted Plaintiff's Complaint to proceed beyond the initial screening stage for that limited purpose and directed that only Defendant Annette Chambers-Smith be served until the scope of Plaintiff's challenge was determined. *Id.* After Plaintiff failed to object to that recommendation, the Court adopted it. Order, ECF No. 13.

Plaintiff then moved for reconsideration, arguing that he failed to object to the R&R because he never received the same. Mot., ECF No. 19. Before that motion was fully briefed, the Court secured pro bono counsel to assist Plaintiff with this case. Order, ECF No. 21. Plaintiff's motion for reconsideration was fully briefed, *see* ECF Nos. 22 & 27, and, in Plaintiff's reply brief, pro bono counsel asked the Court to *deny* Plaintiff's motion for reconsideration and instead grant Plaintiff permission to amend his Complaint. Reply at 7–8, ECF No. 27. Nonetheless, the Magistrate Judge granted Plaintiff additional time to object to the R&R on initial screen. Order at 3, ECF No. 28.

Rather than file objections, Plaintiff (through counsel) and Defendant Chambers-Smith requested a deadline by which Plaintiff could file an Amended Complaint. Proposal, ECF No. 29. The Magistrate Judge approved the proposal and granted Plaintiff leave to file an Amended Complaint.[2] Order, ECF No. 30[3].

---

[2] Oddly, Plaintiff then objected to the R&R on initial screen of the original Complaint, notwithstanding that he had just been granted leave to amend the Complaint. Obj., ECF No. 31. The objections were considered, but they lacked merit and were overruled. *See* Order, ECF No. 33; Supp. R&R, ECF No. 35; Order, ECF No. 37.
[3] A corrected version was filed at ECF No. 32 and corrected a mere scrivener's error in the name of the District Judge.

Plaintiff filed the Amended Complaint in December 2022. Am. Compl., ECF No. 36. It is undisputed that, at that point, the Amended Complaint became the operative pleading. Defendants moved to dismiss the Amended Complaint, ECF No. 38, Plaintiff responded, ECF No. 46,[4] and Defendants replied. ECF No. 47.

The merits of only the Amended Complaint were at issue. The Magistrate Judge issued an R&R, concluding the Amended Complaint was deficient but that, given the Magistrate Judge's belief that "at least one colorable access to the court claim" *might* exist, the Court should permit Plaintiff to move to file a Second Amended Complaint.[5] *See generally*, R&R, ECF No. 48; *id.* at 8.

Specifically, the R&R noted that the Amended Complaint was deficient in the following two respects: (1) it sought injunctive relief against Chambers-Smith and yet sued her only in her individual capacity; and (2) the allegations were too conclusory to state a claim against the John Doe defendants. *Id.* at 5–6. The only potentially viable claim gleaned from the Amended Complaint stemmed from the factual allegation that prison officials failed to deliver to Plaintiff the R&R on initial screen of his original Complaint, which deprived him of the opportunity to

---

[4] Plaintiff moved for leave to file a duplicate copy of his response, ECF No. 63, but it was denied. ECF Nos. 63 & 64.

[5] The Court notes here that this marks the second time in this case that the Magistrate Judge generously construed Plaintiff's operative complaint and found that, while it should be dismissed as submitted, Plaintiff should be granted an opportunity to flesh out a potential violation of rights caused by the prison mail system.

object to the same. *Id.* Because it was possible that Plaintiff had failed to receive other court documents in other cases, and thus it was possible that the changes to the prison mail system may have deprived Plaintiff of his right to access a court, the Magistrate Judge recommended granting leave to file a Second Amended Complaint that listed "any other like incidents" so that the Magistrate Judge could assess whether Plaintiff had a viable claim that the changes to the prison mail system, as applied to him, deprived him of his right to access the courts. *Id.* at 9.

Defendants objected to that R&R, arguing that the Amended Complaint already represented Plaintiff's chance to cure pleading deficiencies and that he should not be given a second chance. Obj., ECF No. 49. It also argued that the only *potential* colorable claim discovered by the Magistrate Judge from the face of the Amended Complaint pertained to Plaintiff's failure to receive the R&R on initial screen of the original Complaint, an incident which could not sustain an access-to-the-court claim both because late objections were permitted and because the Complaint was superseded by the Amended Complaint.[6] *Id.* They

---

[6] To prevail on an access-to-the-court claim, a plaintiff must show that he was "injured" by being shut out of court. *Sampson v. Garrett*, 917 F.3d 880 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 528, 205 L. Ed. 2d 340 (2019). In other words, the access-to-the-courts claim is merely "ancillary to [a lost] underlying claim," and requires demonstrating that a defendant "scuttled [the plaintiff's] pursuit of" that lost, underlying claim, which must be both "nonfrivolous" and "arguable" in order to show that denial of access to pursue that claim resulted in injury. *Id.* at 881 (internal quotation marks and citation omitted). The initial screen R&R recommended dismissing Plaintiff's original Complaint, but he was not "injured" by the failure to receive that R&R because his "underlying claim"—the claims raised in the original Complaint—were not scuttled or lost. Instead, Plaintiff was granted leave to amend his Complaint.

argued that "[i]t is unfair and unjust to allow Plaintiff to continuously attempt to bring new claims in the midst of litigation where he has clearly, by this Court's own recognition, failed to plead with sufficiency." *Id.*

While Defendants' objection was pending, Plaintiff's pro bono counsel moved to withdraw, stating that Plaintiff possessed the knowledge necessary to allege in a Second Amended Complaint whether the application to Plaintiff of the prison mail system caused any violation of Plaintiff's right to access a court. Mot., ECF No. 50.

The Court overruled Defendants' objection, denied as moot their motion to dismiss the Amended Complaint, permitted Plaintiff to move to file a Second Amended Complaint, and granted Plaintiff's pro bono counsel's motion to withdraw. Order, ECF No. 51.

Plaintiff thereafter moved, pro se, for leave to file a Second Amended Complaint, attaching his proposed Second Amended Complaint as an exhibit to his motion. Mot., ECF No. 53. That motion was fully briefed, *see* ECF Nos. 56 & 57, and the Magistrate Judge denied Plaintiff's motion, Order, ECF No. 58.

The Order denying leave to amend notes that Plaintiff's proposed Second Amended Complaint would sue Defendants for injunctive relief but named them only in their individual capacities. Order, ECF No. 58. Next, the proposed Second Amended Complaint identified no additional instances in which the prison's mail system harmed Plaintiff. *Id.* Because Plaintiff suffered no "injury" from the failure to deliver the prior R&R, and therefore could not support an

access-to-courts claim based only on that failed delivery, he should not be allowed to pursue a claim based only on that instance of lost mail. *Id.* Finally, the proposed Second Amended Complaint sought to bring a claim based on the Constitution's authorization of the postal service, which has no corresponding private right of action. *Id.* For these reasons, the Magistrate Judge denied leave to file a Second Amended Complaint, and because the Amended Complaint was deficient, it granted Defendants leave to renew their motion to dismiss the same. *Id.*

Defendants moved to dismiss the Amended Complaint, ECF No. 59, and Plaintiff moved for additional time to oppose *the dismissal of the Amended Complaint*, ECF No. 60. Plaintiff's request for additional time stated that he never received the denial of his motion for leave to amend and that he needed it to respond to the pending *motion to dismiss*. Mot., ECF No. 60. Based on Plaintiff's assertion, the Magistrate Judge granted Plaintiff additional time to respond and ordered the Clerk to mail Plaintiff another copy of the Order denying leave to amend. Order, ECF No. 61. But, because Plaintiff requested ECF No. 58 only "to prepare his Answer" to Defendants' motion to dismiss and did not request additional time to object to the Order denying leave to amend, the Magistrate Judge struck the objections to the denial order, which Plaintiff untimely filed. *See* ECF Nos. 60, 62, 64.

Having stricken Plaintiff's untimely objections to his Order denying leave to file a Second Amended Complaint, and having denied Plaintiff's motion for leave

to re-file his reply in support of his motion for leave to file a Second Amended

Complaint, the Magistrate Judge then recommended the Court grant Defendants'

motion to dismiss the still-operative complaint—the Amended Complaint. R&R,

ECF No. 65. That R&R repeated the deficiencies with the Amended Complaint

that were earlier observed and noted that, although Plaintiff continued to dispute

the denial of leave to file a Second Amended Complaint, Plaintiff did not provide

any argument about the sufficiency of the Amended Complaint. *Id.*

Plaintiff timely objected to the recommendation to dismiss the Amended

Complaint. Obj., ECF No. 66. But, instead of focusing on any errors in *that*

*recommendation*, the objections largely focused on whether the Magistrate

Judge improperly denied leave to file the Second Amended Complaint. *See*

*generally*, *id.* In doing so, the objections incorrectly argued that the Magistrate

Judge disregarded Plaintiff's reply brief before denying leave to amend and

further argue that Plaintiff should not be faulted for failing to file a sufficient

Second Amended Complaint in his attempt to remedy the pro bono counsel's

failures vis-à-vis the Amended Complaint. *Id.* at 3–4. In addressing the

sufficiency of the Amended Complaint—which was the only issue properly before

the Court at that time—the objections incorrectly asserted that the Original

Complaint was sufficient and argued that, at the very least, if the Court dismisses

the Amended Complaint, Plaintiff should be allowed to proceed on the sufficient

Original Complaint. *Id.* at 4.

The Magistrate Judge then issued a Supplemental R&R, recommending the Court overrule those objections. Supp. R&R, ECF No. 68. Notably, although not required to do so because of the then-present stage of litigation, the Supplemental R&R reconsidered Plaintiff's motion for leave to file the Second Amended Complaint given Plaintiff's additional arguments and concluded, still, that the proposed Second Amended Complaint was futile. *Id.* at 3. Given that Plaintiff noted no problems with the Magistrate Judge's prior recommendations to dismiss the Amended Complaint, it further continued to recommend dismissal of the same. *Id.* at 4–5.

Plaintiff requested and received an extension of time to object to *that* Supplemental R&R, which, by necessity, means Plaintiff received the same. *See* Mot., ECF No. 69; Notation Order, ECF No. 70. Plaintiff did not meet his own requested timeline, and the Court therefore adopted the Supplemental R&R. Order, ECF No. 71.

After the Court adopted the Supplemental R&R and entered judgment for Defendants, the Court received Plaintiff's objections to the Supplemental R&R. Obj., ECF No. 73. Knowing the alleged problems with the prison mail system, the Court looked to the date within the certificate of service on those objections and discovered that, even by Plaintiff's own requested extension, those objections were untimely. Order, ECF No. 74.

Plaintiff, however, now moves for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), arguing that the Court should consider his untimely

objections because he moved for a second extension of time and, even though no such motion was ever received or docketed by the Court, he assumed that both occurred *and* that it was granted. Mot., ECF No. 75.[7] Therefore, he contends, the Court should provide relief from judgment, consider the untimely objections, reject the Supplemental R&R, and (this part is unclear) either grant leave to file the Second Amended Complaint, let the Amended Complaint survive Defendants' motion to dismiss, or let Plaintiff proceed on his original Complaint.

## II. ANALYSIS

On de novo review, his motion for relief from judgment fails.

Relief under Federal Rule of Civil Procedure 60(b)(6) requires a showing of extraordinary circumstances "where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

No such circumstances exist here. First, the Magistrate Judge correctly concluded factually that no second motion for extension of time was filed. The Court has never received the motion as allegedly mailed on May 23, 2024. Plaintiff objects that he attached a copy of the motion to his motion for reconsideration. Obj. 3, ECF No. 79. A motion for extension of time does indeed

---

[7] The Magistrate Judge issued an R&R on Plaintiff's motion for relief from judgment, ECF No. 76, and Plaintiff timely objected, ECF No. 79. The objections focus on issues not germane to the crux of Plaintiff's motion for relief from judgment—that he had no right to assume the Court granted a second extension of time. Therefore, the Court does not address those other arguments (such as whether his various filings were "under penalty of perjury" or whether he properly supported his assertion that mail in the lower forty-eight states is typically delivered within seventy-two hours). Yet, the Court does note that the R&R errs in asserting Plaintiff's claim of mailing on May 23, 2024, was not made under penalty of perjury.

appear as an attachment at ECF No. 75. *Id.* at 11–12 ("Exhibit B"). But the exhibit contains no file stamp showing it had previously been filed with the Clerk as an original motion. ECF No. 75 at 13 (showing the Clerk's file stamp on the untimely filed Objections on merits).

More importantly, even if Plaintiff filed a second motion for extension of time, he had no right to assume that it was granted. Problems with delivery to and receipt from prisoners of mail related to their cases in this Court has been a persistent problem for the Court since the ODRC adopted new regulations and procedures for "legal" mail. But apart from the dates of sending or receiving of Plaintiff's second motion for extension, he was not entitled to assume that it had been granted and act as if it had. His decision to do so is not an extraordinary circumstance.

Most fundamentally, even if the Court found that extraordinary circumstances existed here such that the Court should consider Plaintiff's untimely objections to the Supplemental R&R, they are meritless and provide no reason to ultimately relieve Plaintiff from judgment.

His untimely objections *continue* to focus on the Second Amended Complaint and the rulings directed thereto. Obj. (stricken) at 1–2, ECF No. 73 ("Plaintiff refiled his brief in opposition [to Defendants' opposition to leave to file the Second Amended Complaint], along with the motion to expand the record with the brief the Plaintiff had previously sent to the court and the Ohio Attorney General."). His focus on whether *that brief*—his reply to his own motion for leave

to file the Second Amended Complaint—was filed "under penalty of perjury" is misfocused. What matters is that Plaintiff: (1) never asked for additional time to object to the Magistrate Judge's denial of leave to file a Second Amended Complaint, which precludes him from continuing to argue against the same; and (2) never showed any error in the Magistrate Judge's recommendation that the Amended Complaint should be dismissed.

At bottom, de novo review of the record shows that the Amended Complaint is the operative complaint, and Plaintiff's continued disagreements with that fact are procedurally fruitless. Plaintiff's recent flurry of filings that continue to complain about the mail system, access to law libraries, and whether specific language satisfies the "under penalty of perjury" requirements, is all misdirected to the ultimate issues. Plaintiff has still never validly objected to the R&R or Supplemental R&R that recommend dismissal of the Amended Complaint.

In the alternative, even if the Court were to look past *that* failure to object, the recommendation concerning dismissal of the Amended Complaint is correct. And Plaintiff's repeated request to stand on his original Complaint, in lieu of pro bono counsel's deficient Amended Complaint, fares no better, because the initial screen of Plaintiff's original Complaint in this case recommended dismissal as it, too, was deficient.

For these reasons, the Court **OVERRULES** Plaintiff's objections to the R&R on relief from judgment, **DENIES** Plaintiff's motion for relief from judgment,

and **CERTIFIES** that any appeal of this Order would not be in good faith.  None of Plaintiff's complaints about the handling of legal mail nor the fact that Defendants here handle the mail in this case ameliorate Plaintiff's mistaken reliance on an extension that was never provided.  And, even cutting through all the procedural deficiencies regarding the timing of Plaintiff's various objections and responses and replies, the Magistrate Judge's conclusion that the Amended Complaint is deficient ultimately remains undisturbed.

### III.    CONCLUSION

Plaintiff has not shown that extraordinary circumstances mandate that he be granted relief from judgment.  His Objections are overruled and the motion for relief from judgment is denied.  The Clerk shall terminate ECF Nos. 75 & 76.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**